UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FARAH NOERAND,<br><br> *Plaintiff*,<br><br>v.<br><br>BETSY DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>and<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br><br> *Defendants*. | No. 1:20-cv-11271 |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. Rule Civ. P. 65(a) and 6(c)(1)(C), Plaintiff Farah Noerand hereby moves for a preliminary injunction, to enjoin enforcement by the Department of Education (the "Department") of the "Eligibility of Students at Institutions of Higher Education for Funds under the Coronavirus Aid, Relief, and Economic Security (CARES) Act" Interim Final Rule, 85 Fed. Reg. 36494, June 17, 2020 (the "IFR") as to all institutions of higher education in Massachusetts during the pendency of this action.  A preliminary injunction is appropriate for the following reasons, as more fully detailed in the accompanying Memorandum of Law:

1. The IFR oversteps the Department's authority to implement the CARES Act by creating an eligibility exclusion for emergency aid for non-Title IV-eligible students that runs counter to the CARES Act's clear instructions.  Because the IFR does not accord with the law, it should be set aside by this Court. *See* 5 U.S.C. § 706(2).

2. Plaintiff is likely to succeed on the merits because the relevant text of the CARES Act is not ambiguous, which means the Department is not free to re-define terms in the CARES Act to suit its own policy preferences.  The IFR relies upon a strained and internally-contradictory reading of the CARES Act in an attempt to create ambiguity where Congress' instructions are clear.  At least two federal district courts have already enjoined enforcement of the IFR as to institutions of higher education in California and Washington on precisely this basis.

3. The IFR has harmed and will continue to harm Plaintiff because it instructs institutions of higher education – including Bunker Hill Community College, which Plaintiff attends – to make grants of emergency CARES Act funding while excluding Plaintiff from such relief.  Because the Department has barred the Plaintiff from seeking the relief apportioned by Congress to help her during the COVID-19 emergency, she is left to face unexpected costs associated with now-necessary remote instruction on her own.  Because these costs threaten her ability to continue her education, loss of the chance to apply for aid poses irreparable harm to Plaintiff.

4. The balance of equities and public interest favor issuance of an injunction.  Plaintiff will continue to be harmed if the IFR remains in place, whereas the Department cannot be said to be harmed by being forced to administer the CARES Act as written.  The broad sweep of the IFR likewise imbues Plaintiff's effort with a strong public interest, as thousands of students who – like Plaintiff – are ineligible for emergency aid due to immigration status are likewise harmed by the IFR.

Attached hereto as Exhibit A is a Proposed Order.

**Request for Oral Argument**

Pursuant to Local Rule 7.1(d), Plaintiff requests an oral argument on the Motion. Because of the various aspects of the preliminary injunction test and because the Motion is being filed contemporaneously with the Complaint, oral argument would be of assistance to the Court in evaluating the positions of the parties.

        FARAH NOERAND

        By her attorneys,

        /s/ Rachel C. Hutchinson
        Dean Richlin (Bar Roll No. 419200)
        Jeremy W. Meisinger (Bar Roll No. 688283)
        Rachel C. Hutchinson (Bar Roll No. 696739)
        FOLEY HOAG LLP
        155 Seaport Boulevard
        Boston, Massachusetts 02210-2600
        Telephone: (617) 832-1000
        Facsimile: (617) 832-7000

        Iris Gomez (Bar Roll No. 201000)
        Deirdre M. Giblin (Bar Roll No. 566547)
        MASSACHUSETTS LAW REFORM INSTITUTE
        40 Court Street, Suite 800
        Boston, MA 02108

Dated:  July 6, 2020

## Certificate of Service

I hereby certify that on July 6, 2020, I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/ Rachel C. Hutchinson

Rachel C. Hutchinson

## Certification Pursuant to Local Rule 7.1(a)(2)

I hereby certify that on July 2, 2020, I conferred with Attorney Ray Farquhar, Chief – Defensive Litigation, Civil Division of the United States Attorney's Office for the District of Massachusetts, in advance of filing the complaint in this action and the Motion for Preliminary Injunction, and was advised that the Department is unlikely to agree to entry of a preliminary injunction.

/s/ Jeremy W. Meisinger

Jeremy W. Meisinger